UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**BobbieJo Stanley, as parent and natural guardian for D.M.S., Jr.,**

                                 **Plaintiff,**

                          **-v-**                          **6:11-CV-1226 (NAM/VEB)**

**Commissioner of Social Security,**

                                **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Law Offices of Kenneth Hiller, PLLC
Kenneth R. Hiller, Esq., of counsel
6000 North Bailey Avenue - Suite 1A
Amherst, New York 14226
and
Law Offices of Steven R. Dolson
Steven R. Dolson, Esq., of counsel
126 North Salina Street, Suite 3B
Syracuse, New York 13202
Attorneys for Plaintiff

Hon. Richard S. Hartunian, United States Attorney
Elizabeth D. Rothstein, Esq., Special Assistant United States Attorney
Social Security Administration
Office of Regional General Counsel, Region II
26 Federal Plaza - Room 3904
New York, New York 10278
Attorney for Defendant

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff applied for Supplemental Security Income on behalf of her son, D.M.S., a minor child, alleging disability due to attention deficit hyperactivity disorder ("ADHD"), oppositional defiant disorder ("ODD"), and a learning disorder. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). After a hearing, the ALJ denied the application, finding that

D.M.S. was not disabled within the meaning of the Social Security Act during the time in question. The Appeals Council denied plaintiff's request for review. Thus, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Plaintiff brought this action for judicial review of the Commissioner's decision. *See* 42 U.S.C. §§ 405(g); 1383(c)(3).

Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge Victor E. Bianchini issued a Report and Recommendation (Dkt. No. 17) recommending that plaintiff's motion for judgment on the pleadings be granted, the Commissioner's motion for judgment on the pleadings be denied, the Commissioner's decision be reversed, and the case be remanded to the Commissioner for calculation of benefits.[1]

Defendant objects to the Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects. The Court refers the reader to Magistrate Judge Bianchini's summary of the history of the case and the applicable law. As set forth below, the Court rejects the recommended disposition, denies plaintiff's motion for judgment on the pleadings, grants the Commissioner's motion for judgment on the pleadings, affirms the Commissioner's decision, and dismisses the case.

The Social Security Act provides for judicial review in district court of any final decision of the Commissioner. *See* 42 U.S.C. § 405(g). Upon such review, district court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or

---

[1] Pursuant to N.D.N.Y. General Order 18, Magistrate Judge Bianchini proceeded as if both parties had accompanied their briefs with a motion for judgment on the pleadings.

reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id*. The district court "may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quoting 42 U.S.C. § 405(g)). The Commissioner's findings as to any fact, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw*, 221 F.3d at 131 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

The framework for evaluating whether a minor is disabled is set forth in detail in both the ALJ's determination and the Report and Recommendation. Briefly, the regulations establish a three-step evaluative process for determining whether a child meets the statutory definition of disability. *See* 20 C.F.R. § 416.924, "How we determine disability for children." First, a child who is doing substantial gainful activity is not disabled. 20 C.F.R. § 416.924(b). Second, a child who does not have an impairment or combination of impairments that is severe is not disabled. 20 C.F.R. § 416.924(c). Third, where, as here, a child was not doing substantial gainful activity and had one or more severe impairments during the time period in issue, the question is whether the impairment meets or equals a presumptively disabling condition identified in the listing of impairments set forth under 20 C.F.R. Pt. 404, Subpt. P., App. 1 ("listed impairment").

Equivalence to a listed impairment can be either medical or functional. If an impairment is found to meet or qualify as medically or functionally equivalent to a listed disability, and the twelve-month durational requirement is satisfied, the child will be deemed disabled. 20 C.F.R. § 416.924(d)(1).

Analysis of functionality is informed by consideration of how a claimant functions in six main areas, or "domains." 20 C.F.R. § 416.926a(b)(1). The domains are described as "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(b)(1). The domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

A finding of functional equivalence to a listed impairment may be based on a finding of an "extreme" limitation, meaning "more than marked," in a single domain. 20 C.F.R. § 416.926a(a). In the alternative, functional equivalence may be based on a finding of a "marked" limitation in any two of the six domains. 20 C.F.R. § 416.926a(a). A marked limitation means an impairment that "interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i).[2] "A marked limitation may arise when

---

[2] 20 C.F.R. § 416.926(a)(2)(i) provides:
> We will find that you have a "marked" limitation in a domain when your impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities. "Marked" limitation also means a limitation that is "more than moderate" but "less than extreme." It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean.

several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with the ability to function (based upon age-appropriate expectations) independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.00(C).

Here, it is undisputed that D.M.S. was not doing substantial gainful activity; that he had the severe impairments of ADHD, ODD, and a learning disorder; and that he did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. The issue here is whether claimant had an impairment or combination of impairments that functionally equaled one or more of the listed impairments.

The ALJ summarized the record in substantial detail, evaluated the six domains set forth in 20 C.F.R. § 416.926a(b)(1), and found as follows:

> (1) Claimant has less than marked limitation in acquiring and using information;
> (2) Claimant has less than marked limitation in attending and completing tasks;
> (3) Claimant has less than marked limitation in interacting and relating with others;
> (4) Claimant has less than marked limitation in moving about and manipulating objects;
> (5) Claimant has no limitation in caring for himself; and
> (6) Claimant has less than marked limitation in health and physical well-being.

Accordingly, the ALJ found that "the claimant does not have an impairment or combination of impairments that result in either marked limitations in two domains of functioning or extreme limitation in one domain of functioning." The ALJ concluded that the claimant was not disabled.

In the motion for judgment on the pleadings, plaintiff argues that the ALJ erred by failing to follow the "treating physician rule," because he did not consider the medical opinions of

-5-

D.M.S.'s treating physician, Michael Kore, M.D. Under the treating physician rule, the ALJ must give controlling weight to the treating physician's opinion when the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); *Shaw*, 221 F.3d at 134. Even if a treating physician's opinion is deemed not to be deserving of controlling weight, an ALJ may nonetheless give it "extra weight" under certain circumstances.[3] Here, plaintiff points out that the ALJ's decision did not refer to the residual functional capacity ("RFC") report of Dr. Kore dated April 30, 2010. Plaintiff contends that Dr. Kore's RFC report "if followed would merit a finding of disabled." Plaintiff states: "Dr. Kore notes that claimant has moderate limitations in acquiring and using information, marked limitations in attending and completing tasks, moderate limitations in interacting and relating to others, and marked limitations in health and well-being." Plaintiff continues:

> Claimant's treating physician's RFC report is substantiated by the evidence in the record. A language evaluation dated June 17, 2008 determined that claimant's language is overall 'severely delayed.' Claimant's expressive language, which refers to how well a child communicates with others and includes skills such as formulating sentences, descriptions, questions or responses, is severely delayed. Testimony given by claimant's father further supports claimant's marked limitation in this area.
>
> An Individual Education Program (IEP) completed by claimant's school also supports Dr. Kore's RFC. The claimant's teacher reports that he has a difficult time in all academic areas as well as in the areas of retention of information, handwriting, study habits and following oral directions. Further, claimant has a difficult time completing tasks on time, comprehending classroom discussion, expressing himself, organizing and relating ideas and factual

---

[3] In this regard, the ALJ should consider the following factors when determining the proper weight to afford the treating physician's opinion if it is not entitled to controlling weight: (1) length of the treatment relationship and the frequency of examination, (2) nature and extent of the treatment relationship, (3) supportability of opinion, (4) consistency, (5) specialization of the treating physician, and (6) other factors that are brought to the attention of the court. C.F.R. § 404.1527(d)(1)-(6).

> information and persisting when a task becomes difficult. An evaluation completed by claimant's first grade teacher also shows that claimant 'very often' fails to concentrate on the task at hand, has difficulty paying attention, has difficulty following directions, is forgetful, is easily distracted, fidgets, and avoids tasks that require sustained mental effort. Claimant's father testified that claimant is not an inquisitive child and not the type of child to seek out information.

(Citations to record omitted.) Thus, according to plaintiff, claimant D.M.S. had marked limitations in two domain areas: attending and completing tasks; and health and physical well-being. The Court now considers these two domains.

First, with respect to the domain of health and physical well-being, defendant notes that in his RFC report Dr. Kore checked off two blank spaces – one indicating no limitation and one indicating marked limitation. Even if Dr. Kore intended to indicate a marked limitation in this domain, such a finding is not supported by his clinical findings and is inconsistent with other substantial evidence in the record. Substantial evidence in the record – including D.M.S.' medical records, Dr. Kore's notes, the statements of D.M.S.' father, and the opinions of Drs. Mohanty and Grand – supports the conclusion that D.M.S. had a less than marked limitation in this domain. Magistrate Judge Bianchini agreed with the ALJ's finding of a less than marked limitation regarding this domain. This Court agrees with the Report and Recommendation on this issue and concludes that D.M.S. had a less than marked limitation in the domain of health and physical well-being.

Second, the Court considers the domain of attending and completing tasks. In response to plaintiff's contention that the ALJ improperly failed to consider Dr. Kore's RFC report finding a marked limitation in this domain, defendant points out that the ALJ stated that he carefully considered all of the record evidence. The ALJ's summary of the record supports this statement.

It is true that the ALJ did not mention Dr. Kore's RFC assessment that D.M.S. had a marked limitation in the domain of attending and completing tasks; nevertheless, the ALJ specifically referred to Dr. Kore's treatment notes, which stated that the child's attention and concentration improved significantly with medication. The treating physician rule does not require giving Dr. Kore's assessment controlling weight here, because it is inconsistent with the other substantial evidence in the record, including the opinion of state agency medical consultant R. Mohanty, M.D., and medical expert Sharon Grand, Ph.D., both of whom concluded that D.M.S. had a less than marked limitation in the domain of attending and completing tasks. Even if Dr. Kore's RFC assessment is accorded extra weight, there is substantial evidence in the record supporting the ALJ's determination that D.M.S. had a less than marked limitation in attending and completing tasks. In any event, even if the Court were to find that the ALJ erred in concluding that D.M.S. had a "less than marked limitation" in the domain of attending and completing tasks, the ALJ properly found that D.M.S. did not have a marked or extreme limitation in any other domain; thus, plaintiff cannot meet the requirement of 20 C.F.R. § 416.926a(a).

In the Report and Recommendation, Magistrate Judge Bianchini recommends a finding that D.M.S. is disabled, based on the conclusions that D.M.S. had marked limitations in the following three domains: acquiring and using information, attending and completing tasks, and interacting and relating with others. The Court has already found substantial evidence supporting the ALJ's determination that D.M.S. had a less than marked limitation in attending and completing tasks. The Court now considers the domains of acquiring and using information and interacting and relating with others. The Court notes that not even plaintiffs contend on this motion that D.M.S. had marked limitations in these two domains; rather, they contend that the

ALJ should have given controlling weight to Dr. Kore's finding of a marked limitation in the two domains of attending and completing tasks and health and physical well-being.

In recommending that this Court find that D.M.S. had a marked limitation in the domain of acquiring and using information, Magistrate Judge Bianchini relies on the opinions of D.M.S.' first and second grade teachers, including their descriptions of D.M.S.' "serious and pervasive limitations," and the report of Kristen Barry Ph.D., a consultative examiner, who stated that D.M.S. would have "some difficulty" following and understanding age-appropriate directions and instructions and completing age-appropriate tasks. Even if these opinions are viewed as supporting a finding of a marked limitation, they are contradicted by the opinions of D.M.S.' treating physician Dr. Kore that D.M.S. had only a moderate limitation in this regard, and of Drs. Mohanty and Grand that D.M.S. had a less than marked limitation in this domain.[4] The ALJ's conclusion that D.M.S. had a less than marked limitation in the domain of acquiring and using information is supported by substantial evidence in the record.

Further, in recommending that this Court find that D.M.S. had a marked limitation in the domain of interacting and relating with others, Magistrate Judge Bianchini relies on reports from D.M.S.' first and second grade teachers. Dr. Kore found that the child had a moderate – not marked – limitation in this domain. The ALJ's conclusion that D.M.S. had a less than marked limitation in the domain of acquiring and using information is supported by substantial evidence in the record.

Upon review of the whole record and examining the evidence from both sides, the Court

---

[4] A review of Dr. Kore's RFC report shows that he had the options of checking a box for each domain indicating "no limitation," "moderate limitation," "marked limitation," or "extreme limitation." Thus, when faced with a choice, Dr. Kore chose "moderate limitation" rather than "marked limitation" in the domains of acquiring and using information and interacting and relating with others.

-9-

concludes that substantial evidence supports the ALJ's finding that D.M.S. did not have an impairment or combination of impairments that functionally equal a listed impairment. Accordingly, the Commissioner's determination that D.M.S. was not disabled is affirmed.

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 17) is rejected; and it is further

ORDERED that plaintiff's motion for judgment on the pleadings is denied; and it is further

ORDERED that defendant's motion for judgment on the pleadings is granted; and it is further

ORDERED that the Commissioner's determination is affirmed; and it is further

ORDERED that the case is dismissed.

IT IS SO ORDERED.

Date: March 31, 2014
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge